**Reena EBERLE, Plaintiff,**

v.

**CITY OF NEWTON, KANSAS; Richard Daily, as Chief of Police for The City of Newton and individually; and Brad McMichael, as a police officer for The City of Newton, and individually, Defendants.**

No. 02–1348–JTM.

United States District Court,
D. Kansas.

Dec. 29, 2003.

Frank J. Kamas, Render Kamas, L.C., Wichita, KS, Richard C. Morgan, Morgan Law Offices, Newton, KS, Terry D. Smith, Render Kamas, L.C., Wichita, KS, for Plaintiff.

Chanda M. Feldkamp, J. Steven Pigg, Teresa L. Sittenauer, Fisher, Patterson, Sayler & Smith–Topeka, Topeka, KS, Susan P. Selvidge, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

The court granted summary judgment in favor of the City of Newton, Chief Daily, and defendant Brad McMichael in his official capacity, as well as granting the separate motion of Officer McMichael, on October 30, 2003. The matter is now before the court on the Motion to Alter and Amend filed by plaintiff Reena Eberle.

Eberle argues in her motion that the court, since it did not grant summary judgment in McMichael's favor on the issue of qualified immunity, could not grant summary judgment on the basis specified by the court, i.e., Eberle's voluntary agreement to release her claims. The essence of this argument appears to be that, because the qualified immunity defense was denied, it must follow that the release signed by Eberle has no effect. This argument finds no support in the facts, in logic, or in any relevant authority.

Eberle did not controvert any of the facts relevant to the issue of the release, either with respect to the City's motion for summary judgment (Uncontr. Fact ¶¶ 1, 52) or McMichael's motion (Uncontr. Fact ¶¶ 66–69). The Release in question specifically applied to claims against "the City of Newton, Kansas, or **any of its officers, agents or employees.**" (Order, Dkt. No. 82, 289 F.Supp.2d 1269, 1276). Eberle's claim against McMichael is explicitly based on McMichael's alleged acts while he was serving as a police officer, acting individually and under the color of state law. Her claim alleges that McMichael used excessive force while he was acting within the scope of his employment as a police officer for the City of Newton.

While, under the specific facts of the case, McMichael may have failed to establish that he was entitled to the defense of qualified immunity, there is no legitimate dispute of material fact that the claims advanced against McMichael fall within the scope of the release.

IT IS ACCORDINGLY ORDERED this 29th day of December, 2003, that the plaintiff's Motion to Alter or Amend (Dkt. No. 84) is hereby denied.